# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| RALPH BRIGHT, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| HALL COUNTY, et al., | : | CIVIL ACTION NO. |
|    Defendants. | : | 2:10-CV-0080-RWS |

## **ORDER**

Plaintiff, Ralph Bright, an inmate in the Hall County Detention Center, in Gainesville, Georgia, previously was granted in forma pauperis status in this 42 U.S.C. § 1983 action. The matter is now before the Court on the complaint, as amended (Doc. Nos. 4, 6, 8), for screening pursuant to 28 U.S.C. § 1915A.

**I.**  **28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A complaint fails to state a claim when it does not

include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th

2

Cir. 2010). A plaintiff must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. Discussion

Plaintiff brings this action against Hall County; the State of Georgia; Fulton County Jail; Atlanta Police Department; Sheriff Steve Cronic; Officer Tru; Frederic D. Bright, Milledgeville District Attorney; and Paul Howard, Fulton County District

AO 72A
(Rev.8/82)

Attorney. (Doc. Nos. 4, 6, 8.)[1] Plaintiff's allegations against each Defendant are reviewed, as necessary, below.

### A. The State of Georgia, Fulton County Jail, Atlanta Police Department

The Eleventh Amendment bars a § 1983 action against a State and its agencies regardless of the relief sought. Stevens v. Gay, 864 F.2d 113, 115 & n.5 (11th Cir. 1989). Further, the Fulton County Jail is not a legal entity amenable to suit. See Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003) (holding that county jails are not legal entities amenable to suit); see also Brannon v. Thomas County Jail, No. 07-13170, 2008 WL 2340353, at *3 n.1 (11th Cir. 2008) (noting that "County Jail is not an entity capable of being sued under Georgia law"). Additionally, the Atlanta Police Department is not a legal entity subject to suit. Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (holding that the City of Atlanta police department is not an entity subject to suit because the department is "merely the vehicle through which the City government fulfills its policing functions"); see also Lovelace v. DeKalb Central Prob., 144 F. App'x 793, 795 (11th Cir. 2005) (affirming

---

[1] Plaintiff was instructed to amend and advised that his amended complaint would supersede and replace his initial complaint. (Doc. No. 3 at 4.) Plaintiff then filed three amended complaints (Doc. Nos. 4, 6, 8.) The Court reviews Plaintiff's three amended complaints.

district court decision that the DeKalb County Police Department is not a legal entity subject to suit); Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit).

Based on the above law, the State of Georgia, the Fulton County Jail, and the City of Atlanta Police Department are due to be dismissed from this action.

### B.     District Attorneys

Plaintiff complains regarding Mr. Howard's decision to prosecute him when, in contrast, Mr. Bright, on allegedly similar facts, decided not to prosecute a white male. (Doc. No. 8.)  Plaintiff seeks damages and injunctive relief in the form of a program for people convicted of sexual assault.  (Id. at unnumbered page 6.)

A prosecutor is protected by absolute immunity from damage claims when performing as an advocate for the government. See Burns v. Reed, 500 U.S. 478, 485-86 (1991); see also Rowe v. City of Ft. Lauderdale, 279 F.3d 1271, 1279-80 (11th Cir. 2002) (stating that the prosecutorial function includes the initiation and pursuit of criminal prosecution, all court appearances, examining witnesses, and presenting evidence, and further stating, "it is clear that, even if [a prosecutor] knowingly proffered perjured testimony and fabricated exhibits at trial, he is entitled to absolute

5

immunity from liability for doing so"). Further, when there are adequate remedies at law (such as the ability to appeal and/or seek mandamus relief), a § 1983 plaintiff is not entitled to equitable relief against prosecutorial officials. Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000).

Plaintiff's claims against Mr. Howard and Mr. Bright fail because prosecutorial decision are protected by absolute immunity. Further, injunctive relief is unavailable because Plaintiff has the state court remedies of appeal or mandamus relief, if appropriate. Accordingly, Mr. Howard and Mr. Bright are due to be dismissed.

### C.    Hall County and Sheriff Steve Cronic

In regard to Hall County and Sheriff Cronic, Plaintiff complains that (1) between April 8, 2010, and May 13, 2010, he has been allowed to use the law library only twice; (2) the copier is always down; (3) the supplies are inadequate (he had to borrow a pencil and his roommate brought him envelopes); and (4) it is hard to get things notarized. (Doc. No. 4 ¶ IV.) Plaintiff seeks injunctive relief and damages on his law-library claim. (Id. ¶ V.)

Prisoners have no constitutionally protected right to a law library, adequately furnished or otherwise. Bass v. Singletary, 143 F.3d 1442, 1444-45 (11th Cir. 1998). The provision of access to a law library, however, is one method by which a state can

6

AO 72A
(Rev.8/82)

assure inmates meaningful access to the courts. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). In order to maintain a claim of denied access to the courts, a plaintiff must allege that he has suffered actual harm by showing that "an actionable claim . . . which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented" because of inadequate legal facilities or assistance. Lewis v. Casey, 518 U.S. 343, 356 (1996).

Plaintiff's claim in regard to law library access and the provision of adequate legal materials/supplies fails because he has not alleged that he has suffered any actual harm. Accordingly, Plaintiff's law-library/access-to-courts claim is due to be dismissed, as are Hall County and Sheriff Cronic.

### D. Officer Tru

Plaintiff complains regarding Officer Tru's role in his arrest that was based on Plaintiff's girlfriend's allegations of false imprisonment. (Doc. No. 6 ¶ IV.) Plaintiff asserts that (1) Officer Tru held it against Plaintiff that he had refused to help Officer Tru on another occasion; (2) Officer Tru subsequently coerced Plaintiff's girlfriend

7

into untruthfully alleging that Plaintiff had falsely imprisoned her; and (3) after Officer Tru assisted in his arrest, he gave false testimony at Plaintiff's first appearance. (Id.) Plaintiff seeks damages. (Doc. No. 6 ¶ V.)

Plaintiff complains that Officer Tru wrongfully and maliciously instituted criminal proceedings against him, which this Court construes as a malicious prosecution claim. See Wallace v. Kato, 549 U.S. 384, 390 (2007) (defining malicious prosecution as the wrongful institution or use of legal process); Uboh v. Reno, 141 F.3d 1000, 1001, 1003 (11th Cir. 1998) (holding that allegations that officials have falsified affidavits and sought an indictment on fabricated charges must be construed as a malicious prosecution claim).

> To establish a federal malicious prosecution claim under § 1983, the plaintiff must prove a violation of his Fourth Amendment right to be free from unreasonable seizures in addition to the elements of the common law tort of malicious prosecution. . . . [F]or purposes of a § 1983 malicious prosecution claim, the constituent elements of the common law tort of malicious prosecution include[]: (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused.

Wood v. Kesler, 323 F.3d 872, 881-82 (11th Cir. 2003) (citations omitted).

Plaintiff's malicious prosecution claim fails because he does not show that the proceedings against him have been terminated in his favor. Accordingly, Officer Tru shall be dismissed from this action.

### III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that this action, against all Defendants, is **DISMISSED** under 28 U.S.C. § 1915A.

**IT IS SO ORDERED**, this  7th  day of October, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)